█ In the Matter of JULIUS F. DI PIERDOMENICO, Petitioner, v WILLIAM CONNELIE, as Superintendent of the New York State Police, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the New York State Police. On December 19, 1977, the Superintendent of the State Police preferred four charges, with numerous specifications thereunder, against petitioner, a State trooper. Following four days of hearings, the hearing board made findings of fact and concluded that they supported several specifications of Charge No. 1 (associating with known criminals, professional gamblers and

persons of poor moral character and reputation in such a manner that it aroused suspicion and interfered with the proper performance of his duties) and most of the specifications of Charge No. 2 (disobeying an order to refrain from such associations). The superintendent adopted the findings of fact and conclusions of the hearing board, and he ordered that petitioner be suspended from his position without pay for 60 days (penalty suspended as to 40 days) and placed him on probation for six months. The record contains evidence that petitioner accompanied persons specified in the charges on a gambling junket to Las Vegas. There was also evidence that petitioner's wife operated a go-cart track, owned by such persons, at which petitioner spent the majority of his days off. Particularly important was the evidence that local police agencies, aware of petitioner's associations, would not give police intelligence information to petitioner and that they were careful as to whom they gave information in the State Police. There was also testimony that petitioner was ordered in 1969 and 1975 to refrain from associating with such persons, and that he disobeyed these orders. Hearsay evidence was admitted at the hearing, but no citation to authority is required for the proposition that such evidence is admissible at administrative hearings. We conclude, therefore, that the record contains substantial evidence to support the superintendent's determination that petitioner associated with persons of poor moral character and reputation in such a manner that it aroused suspicion and interfered with the proper performance of his duties, and that he violated lawful orders to cease from such associations (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180, n). Next, we cannot say that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222). We have examined petitioner's other contentions and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.